DEAS, administrator, *vs.* McREA, administrator *de bonis non, et al.*

A bill alleged as follows : Complainant furnished plantation and family supplies, money, etc., to an executrix, which she liquidated by a promissory note signed by her as executrix, and suit was brought on it. She intermarried and her letters thereby abated; her husband administered *de bonis non*, and she died. A bill was filed by the legatees who were entitled to the estate, part of it at the testator's death and part of it at the death of the said executrix, and they and the administrator *de bonis non* made a settlement by which a decree was to be taken requiring all of the estate to be turned over to the legatees, they agreeing to pay the debts, and the estate, consisting mainly of a tract of land, will be disposed of accordingly without first paying the debts. Before the death of the testator, and in his last illness, he begged the complainant to assist his wife as executrix and to run such an account; and this had been one main inducement to extend credit. There was no provision in the will for such a charge on the land in dispute; provision was made for the payment of debts out of other property. It was not charged that the executrix or her estate was insolvent, nor was it shown that the advances went to permanently benefit the estate. The prayer was for injunction to prevent the consummation of the agreement between the legatees and the administrator *de bonis non*, and that the debt be paid out of the estate in hand.

*Held*, that there was no equity in the bill.

Equity. Administrators and executors. Before Judge CRISP. Lee Superior Court. March Adjourned Term, 1880.

To the report contained in the decision it is only nec-
essary to add the following: The will of Leggin, under
which McRae, administrator *de bonis non*, was acting,
provided that certain property should be sold for the
payment of debts, it gave certain specific bequests, and
left a share of the residue to his wife for life with remainder
over. It is property of this last class which the bill
seeks to subject for the debt created by the wife, who
was also executrix of the will.

W. H. BALDY; GUERRY & SON, for plaintiff in error.

G. W. WARWICK; E. G. SIMMONS; J. F. WATSON, for
defendants.

JACKSON, Chief Justice.

The defendants demurred to complainant's bill, and the
court dismissed the bill; the error assigned is the judg-
ment dismissing the bill.

The substance of the bill is that complainant furnished
goods, wares and merchandise, and some money, in an
account which ran for several years, to Mrs. Leggin, ex-
ecutrix of her husband, which she liquidated by a prom-
issory note signed by her as executrix—that he sued on
the note at common law, but brought this bill returnable
to the same term of the court in aid of that suit, because
equity alone could give complete relief, the object being
to make the estate of testator liable to pay the note—
that Mrs. Leggin had intermarried, her letters testamen-
tary had abated, and McRae, her last husband, had ad-
ministered *de bonis non* on the estate—that she had died
since, and a bill, then pending in the same court, had
been filed by the legatees who were entitled to the whole
estate, part at the death of testator, and part to-wit:
Mrs. Leggin's, or Mrs. McRea's interest, at her death, in
remainder, against McRea as said administrator *de bonis
non*, for the whole estate—that a settlement had been
made between complainants in the last named bill, and

McRea and entered of record, whereby a decree was to be taken to turn over the whole estate to the legatees on their payi..g some six hundred dollars to McRea's counsel—the complainants also agreeing to settle the debts of the estate—that thus the administrator *de bonis non* would dispose of all the estate, consisting mainly of a tract of some eleven hundred acres of land, without first paying this debt—that the testator, on his death-bed or in his last sickness, had begged Porter, the complainant in this bill, to assist his wife as executrix, and run such an account with her, and this had been one main inducement which led him to extend the credit to her which he regarded as, and avered to be, a charge on testator's estate—that there was this fraud and collusion between the said legatees and the administrator against complainant—that complainant therefore prayed for the writ of injunction, restraining the administrator, McRea, from consummating the agreement with the legatees, and turning over the whole estate to them, and restraining the legatees from receiving it, or further proceeding with their bill, and that the court decree that the balance due on the note given by Mrs. McRea, while Mrs. Leggin, be paid out of testator's property in the hands of McRea.

We are unable to see the equity of the bill. Mrs. McRea was personally liable on the promissory note. It is not alleged that she died insolvent. The account in liquidation of which this note was given, is appended to the complainant's bill. It consisted of plantation supplies and family expenses, and money loaned, all of which perished in the use, and none of which is shown by the bill to have permanently gone into the property of these legatees, so as to improve that part of the estate, the right of possession of which they acquired immediately on the testator's death, or that part which they acquired when the life tenant died. To bind in equity the *corpus* of their property to pay this debt under the facts averred in this bill, it must appear that their property was benefited by it, because there was no legal authority to run the farm, or

keep the property together. While it was testator's property, he could bind it; but he did not. The conversation between this creditor and the dying man did not so bind it. The debt became no legal charge on his estate. His will makes no provision for it out of this property to pay any debt, but it does provide for the payment of testator's debts out of other property. Nor does it authorize the keeping the estate together or running the plantation from year to year, nor was authority for such purpose granted by any court. No codicil was executed or nuncupative will made for such purpose, or to bind or charge this property with these expenses to be incurred by the executrix for such purpose. So that if all other difficulties were removed, there is no equity in the bill to charge the property of these legatees with this debt.

But there are other difficulties. The land is there. It cannot move. If it be charged with the payment of this debt or be liable for it, there it is. Moreover, by the agreement, any valid debt of this administrator is to be paid by these legatees by virtue of the very decree which they and the administrator have agreed upon. It would be strange for equity to enjoin a bill pending in the same chancery court to save a creditor whose debt, if valid at law or in equity, is provided for in the decree which that last bill will itself render—if indeed it would interfere with such a bill at all by a new one, but would rather require the person aggrieved to become a party to the bill then already pending in the very same court.

But it is enough to say that this complainant, if he has any valid lien, or charge, or right of any sort, legal or equitable, on the property of these legatees to pay this debt, is to be protected by the decree agreed upon; and that, by the allegations of the bill as it stands, always to be construed most strongly against the pleader, the complainant has not made out such a charge or right at law or in equity as will entitle him to relief in equity out of this property.

Judgment affirmed.